# The Lycoming Fire Insurance Company

*v.*

# John W. Dunmore.

1. Insurance — *waiver of defects in proofs of loss.* Where formal proofs of a loss are made and tendered to the agent of the company insuring, and refused on the alleged ground that the company is not liable for the loss, this will estop the company from making any formal objections to the proofs when sued on its policy for the loss.

2. Practice in supreme court — *errors that could not have changed the result.* Although there may be some errors in the admission and rejection of evidence, yet, if it appears that it could not possibly have prejudiced the party complaining or have changed the result, this court will not reverse.

Appeal from the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding.

This was an action of assumpsit by John W. Dunmore against the Lycoming Fire Insurance Company, upon an insurance policy.

The opinion of the court states the facts of the case.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Mr. M. W. ROBINSON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

That appellee had an insurable interest in the property destroyed, is not contested. It was upon his leasehold interest in a basement room that he had repaired and fitted up at very considerable expense. When finished it was a valuable business room and well located. The policy was for four years, which would cover the entire period the lease had to run. In case of loss by fire within the first year, the company was to pay $2,000, and the policy was on a sliding scale, the amounts lessening as the lease drew to a close. Within the first year the property was totally destroyed by fire. Of this there is no controversy.

The proof is abundant, the interest appellee had in the property was worth more than the amount insured upon it. The risk was solicited by the company's agent, the amount it was willing to take upon the property was fixed after examination, and the premium paid was fixed proportionately high. Previous to the destruction of the property, the company was willing to take a risk in the several amounts specified, and the evidence is full to the effect, its agent did not place too high value upon it. Our conclusion is, the damages found are justified by the evidence.

This property was destroyed by the same fire that consumed so great a part of the city of Chicago in 1871. Great confusion followed that event. Appellee, however, notified the company's resident agent within a few days, of what they already knew, the destruction of his property. He was told the adjuster would be there soon and to call again. Afterward

appellee had formal proofs of his loss made out and presented to the company's agent, who declined to receive them, not because they were defective or informal, but because the company was not liable for the loss. There is some conflict in the evidence on this point, but the jury was fully justified by the evidence in finding the proofs were tendered and declined for the reason indicated. The law is, this fact would estop the company from making any formal objections to the proofs of loss. Had the proofs tendered been insufficient it was the duty of the company's agent to make objection at once, so that the insured could supply any defect.

We perceive no material error in the instructions. Taken as a whole, they presented the law with sufficient accuracy, and were such as the nature of the case required. The modification to one of appellant's instructions did not render it vicious when considered in connection with the others, even if it be conceded the modification was not entirely accurate. That some trivial errors may have occurred in the rulings of the court in admitting and rejecting evidence is more than probable, but we fail to perceive that by any possibility they could have worked any injury to appellant. Should a new trial be awarded and the slight errors that appear in this record be corrected, and the cause submitted to another jury upon all legal testimony in the case, the result would be the same. We have examined the case with care, and do not hesitate to say a verdict for appellant on the legitimate evidence in this record could not be permitted to stand.

It does not appear any motion, founded upon an affidavit showing cause, was made for a continuance, and there was, therefore, no error in trying the case in the absence of the witness Treadwell. The affidavits filed in support of the motion present no grounds for a new trial, and the motion entered for that purpose was properly overruled.

Upon the whole case, justice has been done, and the judgment will be affirmed.

*Judgment affirmed.*