STATE INSURANCE COMPANY OF DES MOINES, IOWA, v. JOHN SCHRECK.

[FILED OCTOBER 4, 1889.]

1. **Insurance**: CONTRACT DIVISIBLE: BREACH OF CONDITION AS TO PART. A policy of insurance was written upon certain buildings upon the farm of the assured, which were fixtures and constituted a part of the real estate. In addition to the buildings the policy included personal property on the farm of various classes, but not exceeding a certain amount on each class. No specific personal property was named. The policy also contained a provision to the effect that if any subsequent incumbrance was imposed upon the property insured, or the title changed without the written consent of the secretary of the insurance company, the policy should be void. Prior to the loss the insured executed a mortgage upon the real estate. It was *held*, that the execution of the mortgage would not prevent a recovery for the loss occasioned by the destruction of the personal property.

2. ———: CONDITION BROKEN BY CHATTEL MORTGAGE: CANCELLATION BEFORE LOSS. In such case, there being no specific personal property insured, the fact that the assured had incumbered his personal property by the execution of chattel mortgages thereon subsequent to the execution of the policy and prior to the fire, but which mortgages were all paid and canceled prior to the destruction of the property, would not prevent the assured from recovering the loss on personal property of the kind insured, the title to which was unimpaired at the time of the loss.

3. ———: EVIDENCE: SPECIAL FINDING. Upon the cross examination of defendant in error he was asked if subsequent to the execution of the policy and prior to the loss he had not exe-

ecuted chattel mortgages upon the property insured. His answer was that he had, but that they had all been paid. The questions of the execution of the mortgages and of their payment before the loss were specially submitted to the jury, and they found that the mortgages had been executed, but that they had been paid and canceled prior to the loss. It was *held*, that the finding of payment was sustained by the evidence.

4. ———: PLEADING: EVIDENCE. There was no issue of the payment of the mortgage presented by the pleadings, the allegations of the answer of their execution being denied. But as the proof of the execution and cancellation of the mortgages was made by plaintiff in error on the cross-examination of the defendant in error when upon the witness stand, plaintiff could not successfully contend upon proceedings in error that the evidence was incompetent or immaterial under the issues joined.

5. NOTICE OF LOSS : PROOF. The policy of insurance required notice of loss to be given to the insurer within thirty days after such loss. It was testified by defendant in error that two of the agents of plaintiff in error were at the fire by which the property was destroyed, and that they had notice of the fact and agreed to give notice to plaintiff in error; that soon thereafter the adjuster for plaintiff in error (giving his name) appeared and adjusted the loss. It was *held*, that this was sufficient proof of notice (the policy not requiring it to be in writing) and of the agency of the parties named as agents and adjuster.

6. ———: DESCRIPTION OF PROPERTY: VARIANCE. The policy described the real estate upon which the insured property was situated as the N. E. quarter of sec. 2, tp. 30, range 16, county of Holt, state of Nebraska. The proof showed that the property was on the northwest quarter of the section named at the time of the insurance and had so remained from that time until the loss, the mistake being in the policy. It was *held*, that the variance was not material, and that it was not necessary that the policy be reformed before the trial.

· ERROR to the district court for Holt county. Tried below before NORRIS, J.

*E. W. Adams, J. J. King, M. F. Harrington,* and *Cummins & Wright,* for plaintiff in error:

The contract is not divisible, and an act which avoids it as to part of the property avoids it as to all. (1 Wood,

Fire Ins., 384; May, Ins., sec. 277; *Garver v. Ins. Co.*, 69 Ia., 202; *Plath v. Ins. Co.*, 23 Minn., 479; *Kelly v. Ins. Co.*, 6 Atl. Rep., 740; *Gottsman v. Ins. Co.*, 56 Pa. St., 210; *Trustees v. Williamson*, 26 Id., 196; *Lee v. Ins. Co.*, 3 Gray [Mass.], 583; *Kimball v. Howard*, 8 Id., 33; *Bowman v. Ins. Co.*, 40 Md., 620; *Ins. Co. v. Assum*, 5 Id., 165; *Schumitz v. Ins. Co.*, 48 Wis., 26; *Hinman v. Ins. Co.*, 36 Id., 159; *Clark v. Ins. Co.*, 6 Cush. [Mass.], 342; *Friesmuth v. Ins. Co.*, 10 Id., 587; *Brown v. Ins. Co.*, 11 Id., 280; *Biggs v. Ins. Co.*, 88 N. C., 141; *Moore v. Ins. Co.*, 28 Gratt. [Va.], 508; *Culbertson v. Ins. Co.*, 2 S. E. Rep., 258; *Todd v. Ins. Co.*, 11 Phila., 355; *McGowan v. Ins. Co.*, 54 Vt., 211; *Havens v. Ins. Co.*, 111 Ind., 90; *Hartshorn v. Ins. Co.*, 14 Atl. Rep., 615; Barber, Ins., sec. 20; *Ætna Ins. Co. v. Resh*, 44 Mich., 55; *Baldwin v. Ins. Co.*, 60 N. H., 422; *Patten v. Ins. Co.*, 38 Id., 338; *Bleakley v. Ins. Co.*, 16 Grant's Ch. [U. C.], 198; *Russ v. Ins. Co.*, 29 U. C. Q. B., 73; *Phillips v. Ins. Co.*, 46 Id., 334; *Harris v. Ins. Co.*, 10 Ont., 718; *Cashman v. Ins. Co.*, 5 Allen [N. B.], 246; *Supple v. Ins. Co.*, 58 Ia., 29.) If the consideration to be paid is entire, the contract must be held so, though its subject-matter may consist of several distinct items. (Parsons, Cont., 650; *Clark v. Baker*, 5 Metc. [Mass.], 452; *Mansfield v. Trigg*, 113 Mass., 350; *Young v. Wakefield*, 121 Id., 91; *Miner v. Bradley*, 22 Pick. [Id.], 457.) Furnishing proofs is a condition precedent to recovery, and the petition must allege such furnishing before evidence thereof is admissible. (*Edgerly v. Ins. Co.*, 43 Ia., 587; *Blakely v. Ins. Co.*, 20 Wis., 217; *Inman v. Ins. Co.*, 12 Wend. [N. Y.], 452; *Owen v. Ins. Co.*, 45 Barb. [N. Y.], 518; *Wellcome v. Ins. Co.*, 2 Gray [Mass.], 480; *Johnson v. Ins. Co.*, 112 Mass., 49; *St. Louis Ins. Co. v. Kyle*, 11 Mo., 185.) There is no evidence that proper notice was given. (*Gladding v. Ins. Co.*, 4 Pac. Rep., 764.) There is a fatal variance between petition and proof in the description of the premises.

34

*Rice Brothers,* for defendant in error:

The Iowa, Minnesota, and Maine cases, cited by counsel for plaintiff in error, are brief and ill-considered, and do not correctly state the law. The contract in question is divisible, and the breach of its conditions made by defendant in error affects only that class of property which was the immediate subject of the act of incumbrance. (*Merrill v. Ins. Co.,* 73 N. Y., 452; *Clark v. Ins. Co.,* 6 Cush. [Mass.], 342; *Com. Ins. Co. v. Spankneble,* 52 Ill., 53; *Hartford Ins. Co. v. Walsh,* 54 Id., 164; *Howard, etc., Ins. Co. v. Cornick,* 24 Id., 455; *Lœhner v. Ins. Co.,* 17 Mo., 247; *Koontz v. Ins. Co.,* 42 Id., 126; *French v. Ins. Co.,* 7 Hill [N. Y.], 122; *Moore v. Ins. Co.,* 28 Gratt. [Va.], 508; *Phœnix Ins. Co. v. Lawrence,* 4 Metc. [Ky.], 9; *Deidericks v. Ins. Co.,* 10 Johns. [N. Y.], 233; 3 Kent, 330; *Quarrier v. Ins. Co.,* 10 W. Va., 507; Barber, Ins., sec. 20; *Schuster v. Ins. Co.,* 102 N. Y., 260; *Holmes v. Drew,* 16 Hun. [N. Y.], 491; *Woodward v. Ins. Co.,* 32 Id., 365; *Perry v. Ins. Co.,* 11 Fed. Rep., 478; *Goring v. Ins. Co.,* 10 Ont., 236; *Phillips v. Ins. Co.,* 46 U. C. Q. B., 334; *Date v. Ins. Co.,* 14 U. C. C. P., 549; 1 Phillips, Ins., 381-2; 1 Wood, Ins., sec. 350; Flanders, Ins., 425; *Knight v. Ins. Co.,* 26 O. S., 664.) Insurance contracts are to be sustained if possible. (*Phœnix Ins. Co. v. Barnd,* 16 Neb., 90; *Rolker v. Ins. Co.,* 4 Abb. Ct. App. Dec. [N. Y.], 76; *Reed v. Ins. Co.,* 95 U. S. 23.) There was great disparity between the conditions of insurer and insured in this case; the former having much the advantage in experience, etc. As to notice and waiver thereof, see *Beatty v. Ins. Co.,* 66 Pa. St., 9; *West Branch Ins. Co. v. Helfenstein,* 40 Id., 9; *Dohn v. Ins. Co.,* 5 Lansing [N. Y.], 275; May, Ins., 2d ed., 701. Want of notice is not made a defense; not being specially pleaded. (*Underhill v. Ins. Co.,* 6 Cushing [Mass.], 440; *Peoria, etc., Ins. Co. v. Lewis,* 18 Ill., 553; *Priest v. Ins. Co.,* 3

Allen [Mass.], 602; *N. Y. Ice Co. v. Ins. Co.*, 23 N. Y., 357; Barber, Ins., sec. 70.) The variance in the descriptions is not fatal. (May, Ins., 872; *American Cent. Ins. Co. v. McLanathan,* 11 Kas., 533.)

REESE, CH. J.

This action was instituted in the district court of Holt county for the purpose of recovering upon an insurance policy the value of certain property which had been insured and destroyed by fire. The petition was in the usual form. A number of defenses were presented by the answer, some of which will be noticed in the order in which they are presented by counsel in arguments and briefs.

By the policy of insurance it is provided that "In consideration that John Schreck, of Stuart, Nebraska, having made his note or obligation to the State Insurance Company for one hundred dollars, agreeing to pay the same according to the terms thereof, for insurance against loss or damage by fire, lightning, wind-storms, cyclones, and tornadoes to the amount of twenty-five hundred dollars on the property hereinafter described, namely:

On his dwelling-house (value of house, $300).........$200
On beds and bedding while therein...................... 50
On wearing apparel while therein....................... 100
On household furniture while therein................... 150
On sewing machine while therein ....................... 25
On hog house ......................................... 50
On frame barn (value of barn, $75)..................... 50
On harness on farm ................................... 75
On wagons and carriages on premises ($250)........... 190
On farming utensils on premises, other than mowing
    and reaping machines ($75)........................ 60
On mowing machine on premises ($85) ................. 40
On hen house ......................................... 50
On grain in buildings or in stack on premises, and

against fire and lightning in buildings or in stack
on plowed land on premises (except flax) ............$300

On frame granary (value, $125) ........................ 100

On carriage house.......................................... 50

On work horses or mules (not to exceed $100 on each)
in barns, or.on farm herein described, and ·against
lightning and tornadoes, while at large or in use,
($500) ................................................... 400

On cattle therein and against lightning and tornadoes,
while at large, not to exceed $25 on any one ani-
mal, ($660) ............................................. 490

On hogs therein or at large, not to exceed $8 on a
hog ($200).............................................. 120

"All situated and being on the N. E. quarter of sec. 2,
tp. 30, range 16, county of Holt, state of Nebraska.

"Term, five years; total amount insured, $2,500, pre-
mium, $100."

Among the defenses presented by the answer was one
that defendant in error had by mortgages incumbered the
property insured in violation of the condition of the pol-
icy.    This condition was as follows:

"Any other insurance or any incumbrance upon any of
the property hereby insured existing at the date of this
policy not made known in the application, or if any subse-
quent incumbrance is imposed, or title or occupancy changed
or hazard increased without the written·consent of the sec-
retary of the company, or if the building becomes vacant,
this policy shall be void.    Any false statement in the
application shall make this policy void.    Every renewal
of this policy will be governed and subject to all the provis-
ions of the original application and policy."

The buildings referred to in the policy were destroyed by
fire, together with a large amount of the personal property.
Subsequent to the execution of the policy defendant in error
had executed a mortgage upon his real estate, in violation of

the terms of the policy, and upon the trial this part of the case was virtually abandoned by him; the jury allowed nothing for the buildings. The general verdict was in favor of defendant in error for the sum of $998.95, the value of the personal property destroyed. Upon the trial the court instructed the jury that if they found from the evidence that defendant in error had mortgaged the land on which the barn, granary, and hog house destroyed were situated, without the knowledge and consent of the plaintiff in error, he could not recover such loss, and that if he had executed any mortgages upon the personal property insured by the policy during its existence without the knowledge and consent of plaintiff in error, and the mortgages were not proven to have been paid at the time the loss occurred, the policy would be void as to such property, and plaintiff could not recover anything thereon; but that if at the time of the destruction of the property the mortgages had been paid, so that the property was not incumbered, the fact of their prior execution would not prevent the recovery. It is now contended by plaintiff in error that the policy was an entire contract, and that it prohibited the placing of any incumbrance upon any of the property, and provided that if such incumbrance was created the mortgage would be void, and therefore the defendant in error would not be entitled to recover anything, having violated this provision. It is contended on the part of defendant in error that while the specific buildings referred to in the policy were insured, and that the execution of the mortgage upon the real estate had the effect of avoiding the policy so far as the buildings were concerned, yet there was no specific personal property insured; that the risk being upon a particular kind of property instead of specific articles, to a certain amount, the fact that the property had been mortgaged or sold prior to the fire would make no difference if there was property of the kind and quality described in the policy which was destroyed and to which the defendant in error had a good title.

The briefs presented by counsel upon either side are quite elaborate and show a commendable research and investigation as to the proper rules to be applied in cases of this kind, and a large number of cases and text-books are cited by both parties, which to a considerable extent sustain the views entertained by them.    That there is a wide conflict of authority upon this question cannot be disputed; and as it is now before the court for the first time, it becomes necessary for us to dispose of it upon principle, and in such a way as to us may seem most consistent with the rules of justice.    It would be impossible for us, without extending this opinion to a much greater length than would be desirable, to review all the cases and authorities cited and presented by counsel, and therefore we trust we may be excused from entering upon such an undertaking.

It appears from an examination of the policy that the premium paid was a gross sum, to-wit, $100.    The amount of the insurance was $2,500, or, at least, was limited to that sum, and to this extent the contract may be said to have been an entirety; but as to the property insured a different course seems to have been pursued by the parties to the contract, and to this extent the contract is severable.    And it may also be observed that there is nothing necessarily in the character or quality of the insured property which would seem to make the insurance of one depend upon the insurance of the other.    There is nothing, either in reason or law, which would prevent the insurance of the buildings upon the real estate without the insurance of the personal property upon the farm, the value of which is involved in this action; and also the wagon, farming utensils, mowing machine, carriages, live stock, and grain might have been as well insured without an insurance upon the building as with; also, we think it is fair to say that, according to the language of the policy, it appears to be a species of separate insurance upon the personal property.    We apprehend there can be no doubt but had there been no incum-

brance upon any of the property, but a portion thereof had been destroyed by fire, an action could have been maintained for the damage sustained by the destruction of that particular portion, but not exceeding the amount of insurance placed upon that particular kind of property. So far as the execution of the real estate mortgage is concerned, we do not think it should be held to affect the rights of defendant in error in his action for the loss occasioned by the destruction of the personal property.

In *Merrill v. The Agricultural Ins. Co.*, 73 N. Y., 463, a case quite similar to this in its facts, it is said by Folger, J., in writing the opinion: "It is plain, from the fact of a separate valuation having been put by the parties upon the different subjects of the insurance, that they looked upon them as distinct matters of contract. The effect of the separate valuation was to make them so. No matter how much value there might have been in any one of these subjects, even to the whole amount of the policy, had it been totally destroyed the defendant could not have been made liable to an amount greater than that named in the policy as the valuation of it. Thus it was, at the inception of the contract, distinguished from the other subjects of insurance and the contract so made as to be capable of application to it alone."

The holdings in that case, and others of a like character cited by defendant in error, seem to us to be more in accord with the principles of common justice than those holding to the doctrine that the execution of a mortgage upon the real estate would not only prevent the assured from recovering the value of the real property destroyed but would also reach the whole contract and contaminate it with the vice. As said in *Phœnix Insurance Co. v. Barnd*, 16 Neb., 90: "A contract for insurance must receive a reasonable construction. The insurer receives the premium as a consideration to pay for loss of property by fire to a certain amount should such loss occur. Such a contract is to be sustained,

if possible to do so. The insurer retains the consideration for the contract and should be required to perform on its part, and no merely technical objection not materially affecting the risk is available as a defense."

Now it cannot be contended that the fact of mortgaging the real estate would in any degree affect the risk so far as the personal property was concerned. It did not affect the title in the assured, neither did it cause the property to be any more liable to be destroyed by fire, and it seems to us that the most common principles of justice and fair dealing are in the line of the large number of authorities cited by defendant in error holding that ·the contract of insurance on personal property would not be avoided by the execution of such mortgage. In the case of *Merrill v. Insurance Company, supra,* the opinion is quite exhaustive and consists of a careful review of a great number of the authorities presented by the counsel for the insurance company and a discussion of the whole question upon principle. It can serve no good purpose to further quote from it here. We are satisfied with its logic and its reasoning and believe that it states the true doctrine applicable to cases of this kind.

It was shown by defendant in error upon the witness stand on cross-examination, that some of the personal property which had been destroyed had at some time or other subsequent to the execution of the policy been mortgaged, but that at the time of the fire the mortgages had all been paid and there was no incumbrance upon the property. It is now contended by plaintiff in error that the fact of the execution of the mortgage referred to avoided the policy as to the personal property.

The term of the policy was five years from the date of its execution, which was the 8th day of September, 1884. An examination of the language hereinbefore copied satisfies us that it was not the intention of the parties to the contract to require that the same personal property should remain upon the farm for the whole term of the

policy, but that, as hereinbefore indicated, it was upon certain kinds of property upon the premises. The second item in the list given is "On beds and bedding while therein, $50;" the third, "On wearing apparel while therein, $100." It cannot be contended that it was the purpose of the parties to the contract that the same beds and bedding and wearing apparel should necessarily remain in that building for five years to secure the benefit of the insurance, but rather that beds and bedding and wearing apparel while in the building, without reference to any particular kind or quality, should receive the benefit of the insurance. The same may be said as to the household furniture, the sewing machine, the hay in the buildings or stack, the harness on the farm, wagon, farming utensils, and live stock. The clear intent and pupose of the parties was that such as might be worn out and destroyed might be replaced; that such as it might become necessary to sell might be sold and other stock purchased in its stead. The execution of a chattel mortgage is a sale subject to the conditions named in the mortgage. The legal title is vested in the mortgagee, and it is his property subject alone to the conditions contained in the mortgage. Had the property destroyed been sold, and the legal title transferred to the purchaser, defendant in error could recover nothing for his loss. Had it been mortgaged and the legal title so transferred, he could still recover nothing. But, under the plain sense of the policy, had the property been replaced by other of the same kind and species, there could be no doubt of plaintiff's liability in case of loss. Had the contract of insurance been upon specific personal property, it is possible that the defense presented would have been available. However, that question is not before us. But we are quite clear that the transfer of the legal title to the insured property, either by mortgage or sale, would avoid the policy so far only as that particular property was concerned, during the time of the existence of the title in the purchaser or mort-

gagee, and to that extent only could the sale or mortgaging of the property under the provisions of this policy be a successful defense.

But it is claimed that there was no competent proof that the mortgages were paid and the title of the property in the assured at the time of the fire, and that that burden was upon defendant in error. Upon an examination of the bill of exceptions we find that while defendant was upon the witness stand, after having testified to the loss, and during the cross-examination, he was interrogated by counsel for plaintiff in error as to his having executed the mortgages referred to, and in many instances his answers were that he had so executed the mortgages, but that they had been paid. In others he was not certain as to whether the mortgages covered the property lost or not. In view of this evidence the question was submitted specially to the jury as to the execution of the mortgages and the payment thereof, and they found as returned, that the mortgages had been executed, but that they had been canceled and paid at the time of the loss. Now had the plaintiff in error only proven the execution of the mortgages it would perhaps have devolved upon defendant in error to have shown that at the time of the loss the title to the property destroyed was not impaired. But that course was not pursued. They inquired of him particularly whether or not the mortgages had been canceled by payment, and his answer was that they had. They cannot now object to this evidence as failing to establish the fact. In this connection it is contended that, under the issues presented by the pleadings, evidence of payment or release was immaterial and therefore improperly submitted to the jury. This contention cannot be successfully urged here, for the reason, as we have said, that even over the objection of counsel for defendant in error, plaintiff in error upon the cross-examination of defendant insisted upon making this very proof. And he cannot now be heard to object

that it was not within the legal form presented by the pleadings. This contention is also unavailing.

The next contention of plaintiff in error is that there was no proof of loss prior to the commencement of the action. The provisions of the policy upon this subject are as follows: "In case of loss the assured shall notify the company within thirty days from the time such loss may have occurred." There seems to be no provision requiring proof of loss as is contained in some policies which have been before us; the provision seems to be that the company shall have notice of the fact. Nor is it stipulated that the notice shall be given to any particular person or officer; neither is there any requirement that the notice given shall be in writing. Upon this subject defendant in error testified that at the time of the fire two of the agents of plaintiff in error were present and saw the destruction of the property; that they then informed him that they would notify the company of his loss, and that a short time thereafter the adjuster for the company came to the residence of defendant in error and adjusted the loss. It is now insisted that there was no competent proof of the agency of the two persons who were present or of the person who represented himself as the adjuster for plaintiff in error.

Upon this subject defendant in error testifies positively to the fact of the agency. He was not cross-examined and therefore not interrogated by anyone as to his knowledge of the fact testified to by him. It may have been and probably was true that he had personal knowledge of the fact of the agency of the two persons referred to, and of the adjuster. At least we must assume the fact to be so in the absence of anything showing the contrary, as there is no presumption that he testified falsely, or upon a subject of which he knew nothing. It is possible that had counsel for plaintiff in error interrogated him as to his knowledge of that fact, they might have succeeded in showing that he in reality knew nothing about their agency.

But this was not done, and the testimony upon that subject must be taken as true.   He does not show that the parties represented themselves to him to be such agents or that such representations were made by any person, but he testifies positively to the fact of the agency.

The next and last contention of the plaintiff in error is, that there is a material and fatal variance between the description of the premises as described in the petition and the proof.   In the policy the property is decribed as all being situated upon the northeast quarter of section 2, township 30, range 16, and it is so described in the petition.   It is shown in the proof that the correct description of the property would have been the northwest quarter of section 2, and of the same township and range.   This seems to have been a mistake on the part of the agent or of the assured, or perhaps of both, at the time of the execution of the policy.

It is contended by plaintiff in error that before defendant could recover he should have instituted his action in equity to reform the policy, and that having failed to do so, he cannot recover.   To this we cannot agree.   It was shown upon the trial that at the time of the execution of the policy the agent went to the house of defendant in error, examined all the property and effected the insurance; that during the time intervening between the execution of the policy and the trial defendant in error had continually resided upon the premises upon which he then resided, and where the insurance was effected, and that the personal property had been there during the whole of the time.

In May on Insurance, 872, sec. 566, it is said: "In most of the states, however, courts of law will apply the doctrines of waiver and estoppel, or allow proof of their mistakes, so as to enable the plaintiff to maintain his action for indemnity, and not drive him into a court of equity."

This question was before the supreme court of Kansas in *American Central Insurance Company v. McLanathan,*

11 Kansas, 533. In that case the court says: "In such a case the contract is not void for uncertainty, nor is there any need of applying for a reformation of the contract, provided it appear, either from the face of the instrument or extrinsic facts, which is the true and which is the false description;" citing 1 Greenleaf Ev., secs. 300, 302; *Loomis v. Jackson*, 19 Johns., 449; 2 Hill on Real Property, 358 and 368; *Rootman v. Lessees of Waite*, 6 Pet. [U. S.], 340. See, also, *Manhattan Ins. Co. v. Webster*, 59 Pa. St., 227.

We find no error requiring a reversal of the judgment. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.