## OMAHA FIRE INSURANCE COMPANY v. DIERKS & WHITE.

FILED JANUARY 15, 1895.   No. 5853.

1. **Review:** ASSIGNMENTS OF ERROR: NEW TRIAL.   An assign-
   ment in a petition in error, that the district court erred in not
   granting a litigant a new trial on account of "accident or sur-
   prise," must be sustained by affidavits showing the truth of the
   assignment. (Sec. 317, Code of Civil Procedure.)

2. ———: ———: ———.   And such affidavits must be filed in,
   and called to the attention of, the court below and incorporated

in the bill of exceptions brought here in order to enable this court to review the ruling of the district court on the motion for a new trial.

3. ———: QUESTIONS NOT PRESENTED BELOW. The supreme court as an appellate tribunal is authorized by law to review the action of the district courts, but in doing so it can pass upon no question which was not presented to and passed on by said courts; nor will this court, for the purpose of determining whether a district court came to a correct conclusion, examine any evidence which was not presented to that court.

4. **Instructions:** EXCEPTIONS: REVIEW. The rule of this court announced by CROUNSE, J., in *McReady v. Rogers*, 1 Neb.. 124, "When the charge of a court involves more than one single proposition, a general exception to it will be unavailing; and if any portion of it be correct, the whole will stand. · Each specific portion of it which is claimed to be erroneous must be distinctly pointed out, and specifically excepted to," re-examined and reaffirmed.

5. **Insurance:** MORTGAGES: DISCHARGE OF LIEN BEFORE LOSS. Where an insured incumbers his personal property by a chattel mortgage after such property has been insured, and contrary to the provisions of the insurance policy, he may nevertheless recover the value of the insured property destroyed if at the time of its destruction it was free from the lien of the mortgage. *State Ins. Co. v. Schreck*, 27 Neb., 527, reaffirmed.

6. ———: NOTICE OF LOSS: ACTION ON POLICY: PLEADING AND PROOF. A fire insurance policy provided that in case of loss the insured should forthwith give the insurance company written notice thereof. The insured did not himself give such notice; but the insurer soon after the destruction of the insured property by fire received notice in writing thereof from one of its agents residing in the vicinity where the loss occurred, and through whom the insurance was placed, and refused to pay the loss on the ground that the policy at the date of the fire was not in force. *Held*, (1) That the insurance contract should not be so technically construed as to compel the insured to furnish information to the insurer which it already possessed; (2) that the verdict of the jury did not lack evidence to support it because the allegation of the insured in his petition that he had notified the insurance company of the loss was not proved. *Edwards v. Travelers' Life Ins. Co.*, 20 Fed. Rep., 661; *State Ins. Co. v. Schreck*, 27 Neb., 527, and *Sandwich Mfg. Co. v. Feary*, 40 Neb., 226, followed.

7. ———: ———: WAIVER. The right of an insurance company to notice of loss is a right which the company may waive; and when the insurer denies all liability for the loss and refuses to pay the same, and places such denial and refusal upon grounds other than the failure of the insured to give notice of the loss, such denial and refusal avoid the necessity of such notice. *Cobb v. Ins. Co. of North America*, 11 Kan., 93, followed.

8. ———: ———: ———: PLEADING AND PROOF. An insured in a suit on an insurance policy alleged in his petition that, as provided by the terms of the policy, he gave notice of the loss in writing to the insurer and gave notice of said loss to the agent of the insurer nearest to where the loss occurred. The insurance company by its answer expressly denied this averment of the petition and pleaded as an affirmative defense to the action that the insured, contrary to the provisions of the insurance contract, and without the knowledge and consent of the insurer, incumbered the insured property by a chattel mortgage, and that said mortgage was a lien on the insured property at the time it was destroyed by fire; and that by reason of such conduct of the insured the policy was not in force at the date of the destruction of the insured property. *Held*, (1) That the defense that the policy was not in force at the time the loss occurred was inconsistent with the defense of want of notice of the loss; (2) that the insurance company, by placing its defense to the action on the ground that the policy sued upon was not in force at the time of the destruction of the property, waived the provision in the policy which required the insured to give notice of the loss and made that issue wholly immaterial.

ERROR from the district court of Holt county. Tried below before KINKAID, J.

The opinion contains a statement of the case.

*Jacob Fawcett*, for plaintiff in error

Where the policy requires written notice of the loss to be furnished, and also requires the furnishing of proofs of loss, both are conditions precedent to the plaintiff's right to recover. (*Cornell v. Milwaukee Mutual Ins. Co.*, 18 Wis., 407; *American Central Ins. Co. v. Hathaway*, 23 Pac. Rep. [Kan.], 428; *Farmers Ins. Co. v. Frick*, 29 O. St., 466;

*Home Ins. Co. v. Lindsey*, 26 O. St., 348 ; *Forest City Ins. Co. v. School District*, 4 Brad. [Ill.],·145 ; *Blossom v. Lycoming Fire Ins. Co.*, 64 N. Y., 162 ; *German Ins. Co. v. Fairbank*, 32 Neb., 757.)

*M. F. Harrington, contra,* cited : *State Ins. Co. v. Schreck,* 27 Neb., 527 ; *McReady v. Rogers,* 1 Neb., 124 ; *Strader v. White,* 2 Neb., 362 ; *Brooks v. Dutcher,* 22 Neb., 644 ; *Harden v. Atchison & N. R. Co.,* 4 Neb., 521 ; *Baker v. Bailey,* 16 Barb. [N. Y.], 54 ; *Fish v. Redington,* 31 Cal., 194 ; *Robbins v. Lincoln,* 12 Wis., 8 ; *Dillon v. Russell,* 5 Neb., 484 ; *Williams v. Evans,* 6 Neb., 216 ; *Payne v. Briggs,* 8 Neb., 75 ; *Hansen v. Lehman,* 18 Neb., 564 ; *Lynch v. State,* 30 Neb., 740 ; *Chicago, K. & N. R. Co. v. Wiebe,* 25 Neb., 542; *Cobb v. Ins. Co. of North America,* 11 Kan., 97 ; *Phenix Ins. Co. v. Bachelder,* 32 Neb., 490 ; *California Ins. Co. v. Gracey,* 24 Pac. Rep. [Col.], 577 ; *Taylor v. Merchants Fire Ins. Co.,* 9 How. [U. S.], 390.

RAGAN, C.

Dierks & White brought this suit in the district court of Holt county, against the Omaha Fire Insurance Company, to recover the value of certain live stock which they alleged they owned, which had been insured against loss or damage by fire by the insurance company, and which live stock had been destroyed by fire.  Dierks & White had a verdict and judgment, and the insurance company brings the case here for review.

1. The first error assigned is "irregularity in the proceedings of the court and abuse of discretion, by which the defendant was prevented from having a fair trial."  This assignment is too indefinite for consideration and indeed is not referred to .in the briefs of counsel for the insurance company.

2. The second error is assigned in the following lan-

guage: "Irregularity in the proceedings of the jury." This assignment is also too indefinite for review.

3. The third assignment is "accident and surprise which ordinary prudence could not have guarded against in the evidence of the witness Dierks in testifying to a verbal release of a part of the property from the mortgage." This is one of the causes for a new trial permitted by the third subdivision of section 314 of the Code of Civil Procedure; but section 317 of the same Code provides that such a ground for a new trial must be sustained by affidavits showing the truth of the ground alleged. This means that the affidavits showing the truth of the facts alleged for a new trial on the grounds of accident or surprise must be filed in and brought to the attention of the court below. The record contains no affidavit filed by the insurance company in the district court in support of a new trial on the grounds of accident or surprise. Affidavits which tend to show that the insurance company was taken by surprise in the trial of the case below have been filed in this court, but we cannot consider them. This as an appellate court is authorized by law to review the action of the district courts, but in doing so this court can pass upon no question which was not presented to and passed upon by the district court; nor will this court, for the purpose of determining whether the district court came to a correct conclusion, examine any evidence which was not presented to that court.

4. The fourth assignment of error is "excessive damages, appearing to have been given under the influence of passion or prejudice;" and the fifth assignment is "error in the assessment of the amount of recovery, it being in excess of the amount the plaintiffs were entitled to under the evidence." Neither of these assignments are referred to in the briefs of counsel for the insurance company and are therefore considered waived.

5. The eighth assignment is "errors of law occurring at the trial and excepted to at the time by the defendant."

This assignment is too indefinite and uncertain for review.

6. The ninth assignment is "the court erred in each of the instructions given upon its own motion, and in each of the instructions given at the request of the plaintiffs, to which exception was taken at the time." The charge of the district court contains twelve paragraphs or instructions, and the exception noted to these instructions by counsel for the insurance company is in the following language: "Comes now the defendant and excepts to the instructions numbered from one to seven inclusive given to the jury by the court on the trial of said cause." In *McReady v. Rogers*, 1 Neb., 124, the exception taken to the charge of the court was in the following language: "To all [of which charge,] and each and every part thereof," the defendant, by his counsel, then and there excepted. CROUNSE, J., speaking for the court of this exception, said: "This firing at the flock will not do. It is a well established point of practice that when the charge of the court involves more than one single proposition a general exception to it will be unavailing, and if any portion of it be correct the whole will stand. Each specific portion of it which is claimed to be erroneous must be distinctly pointed out and specifically excepted to." The rule as announced in that case has, so far as we know, never been consciously deviated from by this court, but has been time and again reaffirmed. Here the assignment of error is that the court erred in giving each—every one—of the instructions given by it on its own motion, but no attempt was made to except to more than seven of them, and since the assignment is in effect that the court erred in giving all the instructions which it did give, and all the intructions were not excepted to, the assignment of error cannot be considered for that reason.

7. The tenth assignment is "the court erred in giving each of the instructions given at the request of the plaintiff below." If the district court gave any instructions at the

request of Dierks & White they do not appear in the record. The only instructions in the record are those given by the court upon its own motion.

8. The sixth, seventh, and eleventh assignments of error are that the verdict is not sustained by the evidence, that the verdict is contrary to law, and that the court erred in overruling the motion of the insurance company for a new trial. The verdict of the jury is not contrary to the law, and the court did not err in overruling the motion for a new trial, if the verdict is sustained by sufficient evidence.

Dierks & White pleaded in their petition that about the 5th of February, 1891, as provided by the policy, they gave notice of the loss in writing to the insurance company, and gave notice of said loss to one Wallace, the agent of the defendant nearest to where the loss occurred. This allegation of the petition was expressly denied by the insurance company. The insurance company, as an affirmative defense to the action, pleaded that the insurance policy provided that if the insured property should be sold or incumbered without the consent of the insurance company indorsed on the policy, that the policy should thereupon become void; and that before the fire Dierks & White, without the knowledge or consent of the insurance company, executed a chattel mortgage upon the property; and that "said mortgage was a valid and subsisting lien upon said property so insured and upon the property claimed to have been destroyed by said fire at the time of the fire on February 2, 1891." The reply of Dierks & White to this defense of the insurance company was as follows: "Denies the plaintiff mortgaged the property destroyed by fire, * * * and say that the policy sued upon covered personal property only and no particular property was insured by the policy sued on, * * * and denies that there was a valid or subsisting lien upon said property or any portion thereof at the time the same was destroyed by fire."

The issues of facts made by the pleadings were: (a)

The value of the property destroyed; (b) whether Dierks & White gave notice of the fire to the insurance company; (c) whether Dierks & White mortgaged the insured property without the consent of the insurance company prior to the fire; (d) whether the mortgage was a lien upon the insured property at the time it was destroyed by fire.

The evidence sustains the value placed on the property by the jury; and the evidence in the record shows beyond dispute that the insured property or a part of it which was destroyed by fire was previous to its destruction incumbered by a chattel mortgage; and the evidence in the record is sufficient to support the finding of the jury that such insured property at the time of its destruction by fire had been released from the lien created by the mortgage.

In *State Ins. Co. v. Schreck*, 27 Neb., 527, it was held that where personal property was incumbered by a chattel mortgage after such property had been insured, and contrary to the provisions of the insurance policy, the insured could nevertheless recover for the value of the property destroyed if at the time of the property's destruction it was free from the incumbrance. We adhere to and reaffirm the doctrine of that case.

The eminent counsel for the insurance company does not controvert, as we understand him, the correctness of the decision in *State Ins. Co. v. Schreck, supra,* but his contention is that it was incompetent for Dierks & White under the issues made by the pleadings to prove that the mortgage made upon the insured property had been released. Counsel says that Dierks & White, instead of denying the execution of the mortgage and denying that the mortgage was a lien upon the insured property at the time of its destruction, should have pleaded by way of confession and avoidance that the mortgage was executed as alleged by the insurance company, but that prior to the destruction of the property by fire the mortgage had been

released. Assuming for the purposes of this case the correctness of the argument of counsel, the answer to it is that he has not assigned in his petition in error here that the court erred in admitting the. evidence offered by Dierks & White to show that the destroyed property was unincumbered at the time of its destruction. If such evidence was incompetent under the pleadings, counsel for the insurance company should have objected to its introduction on that ground, and then specifically assigned the ruling of the district court in admitting such evidence in his petition in error.

We have now to deal with the issue made by the pleadings, whether Dierks & White notified the insurance company of the destruction of the property by fire. The record does not disclose that Dierks & White themselves notified the insurance company, or its agent, that the property had been destroyed by fire. But one Josselyn, the secretary and manager of the insurance company, testified on the trial that the sole and only reason that the insurance company declined to pay the loss of Dierks & White was that the insurance company claimed that the insured property was incumbered by a mortgage at the time it was destroyed; that the company was advised of the destruction of the property by fire within ten days after it happened; that he, Josselyn, received letters regarding the fire after it occurred; that Wallace and Mastic were the special or soliciting agents of the company through whom the insurance was negotiated; that they resided at Ewing, Nebraska; and that he had received information through Wallace by letter of the destruction of the property. The argument of counsel for the insurance company is that the verdict of the jury lacks evidence to support it because Dierks & White pleaded that they notified the company of the fire and failed to prove it. It appears from the evidence quoted above that the insurance company actually received notice of this fire and acted on that notice; that is,

35

they refused to pay the loss on the ground that the property at the time it was destroyed was incumbered.  We are unable to see how the fact that Dierks & White failed to prove that they themselves gave the insurance company notice of the loss is, under the circumstances of this case, material, since it appears that the company had actual knowledge of the loss through its agents and acted on that knowledge, and we are by no means prepared to say that the verdict of the jury lacks evidence to support it on the ground that the allegation of Dierks & White that they notified the insurance company of the loss was not proved. It seems that if the insurance company actually knew of the fire at the time it occurred through one of its agents who was at the fire, or if it received through its agents within a reasonable time after the fire notice of its occurrence and acted on such notice, it would be sufficient.  In other words, it does not seem that the insurance contract should be so technically construed as to compel the insured to furnish information to the insurer which the insurer already had. (*Edwards v. Travelers' Life Ins. Co.*, 20 Fed. Rep., 661; *State Ins. Co. v. Schreck*, 27 Neb., 527; *Sandwich Mfg. Co. v. Feary*, 40 Neb., 226.)  But in the view we take of this case the issue made by the pleadings, whether Dierks & White notified the insurance company of the fire, was, at the time of the trial of this case, an immaterial one, because the insurance company resisted the payment of this loss, both by its pleading and evidence, on the ground that the insured property at the time of its destruction by fire was incumbered by a mortgage, and that therefore the policy at the time of the fire was not in force. This defense set up in the answer of the insurance company was, in effect, a plea of confession and avoidance.  It in effect admitted the execution and delivery of the policy, the receipt of the premium, the destruction of the insured property by fire, and the receipt by it of notice of the fire.  This defense that the policy was not in force at the

time the loss occurred is utterly inconsistent with the de-
fense of want of notice of the loss.    All the authorities
agree that the provisions of an insurance policy requiring
the insured to give notice of the destruction of the insured
property and to furnish the insurer proofs of loss, may be
waived by the conduct of the insurer; and in this case we
think the insurance company, by placing its defense to this
action on the ground that the policy sued upon was not in
force at the time of the destruction of the property, waived
the provision in the policy which required the insured to
give it notice of the loss, and made that issue in this case
wholly immaterial.

In *Cobb v. Ins. Co. of North America*, 11 Kan., 93, it is
said that the right of an insurance company to notice of
loss is a right which the company may waive, and that
when the company denies all liability for the loss and re-
fuses to pay the same and places that denial and refusal
upon grounds other than the failure to give notice, such
denial and refusal avoid the necessity of notice.   We think
this is the correct rule.

In *California Ins. Co. v. Gracey*, 15 Col., 70, the court
in speaking of the point under consideration said: "Insur-
ance policies uniformly contain the provision that the as-
sured shall, in accordance with certain prescribed regula-
tions, give notice and make proof of loss.   It is universally
held, we believe, that the absolute refusal of a company to
pay the loss in any event constitutes a waiver of the right
to insist upon compliance with such provisions."   The same
rule is announced in Missouri in *Phillips v. Protection Ins.
Co.*, 14 Mo., 221, where it was held that if the insurer re-
fuse to pay because the insured failed to submit to an ex-
amination under oath, that the insurer could not afterwards
insist on the failure of the insured to comply with other
requirements of the policy.

In *Hartford Protection Ins. Co. v. Harmer*, 2 O. St.,
452, it is said: "Objections to the preliminary proofs will

be considered as waived, if, after they are rendered, no spe-
cific objections are pointed out, and the assured is informed
that his claim will be considered on the merits, and the
claim is rejected finally, upon the ground that the company
is not in any event liable to pay the loss." (See, also, *Globe
Ins. Co. v. Boyle*, 21 O. St., 119.)

In Illinois the rule is: "When an insurance company
refuses to pay a loss, placing its refusal upon its non-lia-
bility in any event, it cannot insist, in defense of an action,
that the preliminary proof was insufficient." ( *Williamsburg
City Fire Ins. Co. v. Cary*, 83 Ill., 453; *Peoria Marine &
Fire Ins. Co. v. Whitehill*, 25 Ill., 466; *Ætna Ins. Co. v.
Maguire*, 51 Ill., 342; *Lycoming Fire Ins. Co. v. Dun-
more*, 75 Ill., 14; *Phœnix Ins. Co. v. Tucker*, 92 Ill., 64.)

In *Blake v. Exchange Mutual Ins. Co. of Philadelphia*,
78 Mass., 265, it was held: "If, after the preliminary proofs
of a loss by fire under a policy of insurance, the officers of
an insurance company visit the premises and converse with
the insured and make no reference to the preliminary
proofs, or raise any objection to them, while any defect
therein may be remedied, and refuse to pay on other and
distinct grounds, the insurance company will be estopped
to set up any defect in the preliminary proof, although the
conditions made part of the policy give explicit directions
about proofs of loss, and the policy provides that no condi-
tion, stipulation, covenant or clause in the policy shall be
altered, annulled or waived, except by writing indorsed on
or annexed to the policy and signed by the president or
secretary."

The rule in Minnesota is stated as follows : "Where an
insurance company puts its refusal to pay a loss on another
ground it is a waiver of objections to insufficiency in the
proofs of loss required by the policy." (*Phœnix Ins. Co. v.
Taylor*, 5 Minn., 393 ; *Newman v. Springfield Fire & Ma-
rine Ins. Co.*, 17 Minn., 98; *Hand v. National Live Stock
Ins. Co.*, 59 N. W. Rep. [Minn.], 538.)

In *Parker v. Amazon Ins. Co.*, 34 Wis., 363, it was held : " Where an insurer against fire, after a loss and before the time for furnishing proofs thereof has expired, denies all liability entirely upon other grounds than the want of such proofs, this is a waiver of the condition requiring proofs of loss to be made." (*Harriman v. Queen Ins. Co.*, 49 Wis., 71 ; *McBride v. Republic Fire Ins. Co.* 30 Wis., 562.)

The supreme court of New Jersey, in *State Ins. Co. v. Maackens*, 38 N. J. Law, 564, states the rule as follows : "Receiving preliminary proofs without objection, and failure to object after a reasonable time, or refusal to pay on other grounds, is evidence of a waiver of the time of furnishing the preliminary proofs, and of defects therein."

The doctrine under consideration is also that of the supreme court of the United States. In *Tayloe v. Merchants Fire Ins. Co. of Baltimore*, 50 U. S., 390, the court, speaking to the point under consideration, said : "Another objection taken to the recovery is, that the usual preliminary proofs were not furnished according to the requirement of the seventh article of the conditions annexed to the policies of the company. These are required to be furnished within a reasonable time after the happening of the loss. The fire occurred on the 22d of December, 1844, and the preliminary proofs were not furnished till the 24th of November, 1845. This was doubtless too late, and the objection would have been fatal to the right of the complainant if the production of these proofs were essential to the recovery. But the answer is, that the ground upon which the company originally placed their resistance to the payment of the loss, and which is still mainly relied on as fatal to the proceedings, operated as a waiver of the necessity for the production of the preliminary proofs." (See, also, *Aurora Fire & Marine Ins. Co. v. Kranich*, 36 Mich., 289 ; *Batchelor v. People's Fire Ins. Co.*, 40 Conn., 56; *Carson v. German Ins. Co.*, 62 Ia., 433.)

In *Phenix Ins. Co. v. Bachelder*, 32 Neb., 490, NOR-
VAL, J., speaking to a point analogous to the one under
consideration, said : " The company has at all times in-
sisted, and now insists, that it was not liable for the loss,
on the ground that the policy was not then in force by
reason of the failure of the insured to pay his premium
note.    The plaintiff in error by denying all liability dis-
pensed with the necessity of furnishing proofs of loss," and
cites, with approval, *Carson v. German Ins. Co.*, 62 Ia.,
433; *Kansas Protective Union v. Whitt*, 36 Kan., 760; *King
v. Hekla Ins. Co.*, 58 Wis., 508; *Tayloe v. Merchants Fire
Ins. Co. of Baltimore*, 50 U. S., 390; *Continental Ins. Co.
v. Lippold*, 3 Neb., 391.   And the third point in the syllabus
in *Phenix Ins. Co. v. Bachelder, supra*, declares: "The
absolute denial by the insurer of all liability on the ground
that the policy was not in force at the time of the loss, is
a waiver of the preliminary proofs of loss required by the
policy." This case, while not directly in point, is analogous
in principle to the one under consideration, and is supported
by the overwhelming weight of authority.   We do not
mean to say; nor do we decide, that if a person insured shall
neglect or refuse to give notice of a loss to the company in
accordance with the requirements of the policy, that the in-
surance company can never urge the failure of the insured
to give it notice of the loss, or his failure to furnish proofs
of loss as a defense to a suit upon the policy; but what we
do decide is that when an insurance company is sued for a
loss on a policy issued by it and places its defense to such
suit on the ground that by reason of some act of the in-
sured the policy was not in force at the date of the loss,
that then in such action all issues made by the pleadings as
to whether the insured gave notice of the loss, and whether
he furnished the insurance company proofs of the loss, be-
come immaterial.

Counsel for the insurance company, in opposition to the
rule here stated, cite us to *Connell v. Milwaukee Mutual*

*Fire Ins. Co.,* 18 Wis., 407.   But that case is not in point here, because the defense of the insurance company was not based upon a contention that the policy was not in force at the time the loss occurred; but the defense made was a technical one that the written notice of the loss was not furnished to the insurance company as provided by the policy.

*American Central Ins. Co. v. Hathaway,* 23 Pac. Rep. [Kan.], 428, is another case cited by counsel for the insurance company; but that case is not in point.   There the defense pleaded by the insurance company was a general denial, and the whole defense was that the insured did not notify the company of the loss nor furnish proofs of loss as required by the policy.

*Home Ins. Co. v. Lindsey,* 26 O. St., 348, is another case relied upon here by counsel for the insurance company; but this case is not in point.   It merely holds that in an action upon a policy of insurance, which policy contains a condition that in case of loss proof thereof shall be made and delivered to the insurer within thirty days after the loss occurred, the petition must allege a performance of such condition, or a waiver thereof on the part of the insurer, or the petition would be bad on demurrer.   A petition on a promissory note which failed to allege that the maker of the note executed and delivered it would doubtless be bad on demurrer; but if the maker of the note answer, denying the execution and delivery of the note, and allege as a defense to the action that he had paid the note, then its execution and delivery would become immaterial issues in the case.

Another case relied on by counsel is *Farmers Ins. Co. v. Frick,* 29 O. St., 466; but in that case the only point decided was: "In an action against an insurance company to recover the amount of a fire policy, a defense on the ground that the insured failed to make and furnish the insurer with the preliminary proofs of loss in the manner and within the time required by the policy, is not waived by setting

up and relying upon other defenses not inconsistent there-
with." It does not appear from the decision just what
particular defenses the insurance company did interpose.
The only two mentioned in the opinion are that the insured
failed to give notice of the loss and cause of the fire, and
failed to furnish the insurance company proofs of loss in
the time and manner required by the policy. So that case
is not in point here.

Another case relied on by counsel is *Blossom v. Lycoming
Fire Ins. Co.*, 64 N. Y., 162; but the defense of the in-
surance company in that case was that the proof of loss
had been furnished it too late, and the court held that proof
of loss within the time prescribed by the policy was neces-
sary to enable the insured to recover unless the insurance
company had waived the proof of loss, and that there was
no evidence of such waiver.

Finally, it is insisted by counsel that *German Ins. Co.
v. Fairbank*, 32 Neb., 750, is an authority against the rule
announced above. It is said in that case: "In an action
upon a policy which provides that the insured should fur-
nish proofs of loss within a specified time after the loss
occurred, it is necessary for the plaintiff to prove upon the
trial that the proofs were made, or that the same were
waived by the company." The same doctrine was announced
in the third point of the syllabus in *German Ins. Co. v.
Davis*, 40 Neb., 700.

But these cases are distinguishable from the one at bar.
The question here is not whether it was necessary for the
insured to plead and prove that he had furnished the nec-
essary proofs of loss sustained in order to recover, but the
question under consideration here is limited solely to the
inquiry as to whether the issue made by the pleadings that
the insured notified the insurance company that a loss had
occurred, was a material one in view of the defense inter-
posed to the action by the insurance company. The judg-
ment of the district court is

AFFIRMED.