## CHARLES JOHANSEN v. HOME FIRE INSURANCE COMPANY.

FILED APRIL 8, 1898. No. 7930.

1. **Insurance:** CLASSIFICATION OF PROPERTY: VALIDITY OF POLICY. A fire insurance policy which classifies the property insured and limits the amount of insurance on each class is divisible, and may be valid as to one class and void as to another.

2. ———: ———: INCUMBRANCES. A fire insurance policy covering real estate provided that the policy should become void if the property should be sold, transferred, or incumbered. When the policy was issued the land was incumbered by a mortgage to the amount of $2,500. Another tract belonging to the insured was incumbered to the amount of $1,300. Five hundred dollars of these debts was a common charge on both tracts. After the policy was written, and before the fire resulting in the suit, the insured took up all the mortgages and executed in their stead a mortgage on both tracts to secure $3,500, being the old debts with accrued interest. *Held,*

that the fact that the incumbrance on the insured property had been substantially changed and increased in amount rendered the policy void, and that the court could not speculate on the relative values of the two tracts or the probable manner of enforcement of the mortgages to ascertain if the risk had been increased.

3. ——: ——: PAYMENT OF LIEN. An insured who incumbers his personal property by chattel mortgage after it has been insured, and contrary to the provisions of the policy, may nevertheless recover therefor if the mortgage be discharged before the loss occurs.

4. ——: ——: INCUMBRANCES: INSTRUCTIONS. Evidence tended to show that there had been an agreement at the time a chattel mortgage was made, that, upon the making of a certain payment, the property afterwards burned should be released from the lien of the mortgage, and that such payment had been made, and a release of the property expressed by parol. Held, That it was error to direct the jury to find for the insurance company as to such property because of a provision in the policy rendering it void if the property became incumbered.

ERROR from the district court of Washington county. Tried below before HOPEWELL, BLAIR, and KEYSOR, JJ. Reversed.

W. S. Cook and Frick & Dolezal, for plaintiff in error.

Byron G. Burbank and Jacob Fawcett, contra.

IRVINE, C.

This was an action on a policy of fire insurance, naming a single premium, but classifying the property insured and limiting the insurance to a stated amount on each class. Among the items of insurance were $350 on a barn, $500 on horses, mules, and colts, $100 on harness, wagons, etc., and $150 on grain. The barn was totally destroyed by fire, and eight horses, a quantity of harness, and a quantity of grain were also destroyed. The defenses relied on relate to the existence of incumbrances on the insured property. At the close of the evidence the court, at the request of the defendant, instructed the jury to return a verdict for $100 and interest. The record does not distinctly disclose on what ground this instruction was based, but it is assumed in argument that the

court limited the recovery to the grain, holding that the making of incumbrances on the real estate, the horses and the harness precluded a recovery for their loss. As there was no pleading or evid nce which assailed the insurance upon the grain we feel justified in reading into the record sufficient to warrant this assumption of counsel.

A policy such as the one here involved is divisible in its nature, and may give rise to a liability as to one class of property insured, although it be invalid as to another class. (*State Ins. Co. v. Schreck*, 27 Neb. 527; *German Ins. Co. v. Fairbank*, 32 Neb. 750; *Phenix Ins. Co. v. Grimes*, 33 Neb. 340.) Therefore the defenses set up with regard to the incumbrances upon the real estate and those upon the personalty must be considered separately.

When the policy was written the land was incumbered by two mortgages, one for $2,000, and the other for $500. The land upon which the insured property was situated consisted of 160 acres and was the homestead of the plaintiff. Half a mile away and in another county was a tract of 80 acres owned by the insured. On this there was a mortgage of $800, and the $500 mortgage referred to also extended to this tract. The appl cation for insurance, signed by the insured, stated that the property was unincumbered, but there is evidence tending to show that the incumbrances were truly stated to the agent befor the policy was written and that he filled out the application contrary to the facts stated to him. Were this the only question this issue of fact should have been submitted to the jury. But, after the policy was issued and before the fire, all these mortgages were released and a new mortgage made on both tracts for $3,500. The defendant did not consent to this incumbrance and knew nothing thereof until after the fire. The proof tends to show that the new mortgage was merely to take the place of the three old ones, and that the increase of $200 in the amount over the aggregate of the three former mortgages was to cover accrued interest. Many cases hold that a

condition that the insured premises shall not become in-cumbered is not broken by the making of a new mortgage solely in renewal of one existing at the time the policy was written; but this transaction was not simply a re-newal. The tract on which the insured building stood was, at the time the policy was issued, incumbered for $2,500. By taking up the former mortgages and making a blanket mortgage on both tracts, the incumbrance on the one in question was increased to $3,500. But, argues the plaintiff, $2,000 of the old incumbrance was upon this tract alone and it is now distributed over both. More-over the tract in question is a homestead and in the event of foreclosure the plaintiff could require the other tract to be first sold. Therefore, it is said, the real bur-den upon this land is not greater than before, and the risk was not increased. Some cases, notably *Russell v. Cedar Rapids Ins. Co.*, 71 Ia. 69, 32 N. W. Rep. 95, an-nounce that a change made in incumbrances existing when the policy was issued does not violate the condi-tion subsequent against incumbrances unless the risk be increased, and that whether there has been such an increase in the risk is a question of fact to be submitted to the jury. The case cited was where a portion of the land had been sold after the policy was issued and at the same time a portion of the mortgage debt had been paid and the remaining land subjected to a new mortgage for the unpaid portion of the debt. On the second hearing in the supreme court it was held that because the portion of the debt remaining unpaid was greater than that of the land retained the risk had been increased and that there could be no recovery. Other cases of a similar na-ture presented issues determinative of the extent of the risk on some equally exact basis as in the case cited. No-where have we found a case holding that, where there had been a substantial change in character of the incum-brance by which it had been increased, the case should go to the jury for that body to exercise its judgment as to the decree of moral hazard involved. To apply such a

rule here would introduce into the calculation questions as to the values and relative values of the different tracts at the time the policy was issued, at the time the incumbrances were changed, and perhaps at the time of the fire. It would involve a determination of the question whether the larger tract was of such a character that, if the court on a foreclosure should marshal it to protect the homestead it would be capable of sale in parcels. It would in a word substitute the opinion of a jury after the fire as to what was fair dealing between the parties for the contract they made for themselves. The fact remains incontestable that the incumbrance on the insured property was increased by $1,000, contrary to the terms of the policy. This is as far as the courts can go. They cannot, after finding that the policy has been so violated, speculate on the possibilities, or the probabilities, of an ultimate enforcement of the incumbrance. It was the existence of the incumbrance which was contracted against, not the probability of its enforcement against this land.

With regard to the personal property it appears without dispute that while the policy was in force, and before the fire, the plaintiff executed a chattel mortgage covering the horses and harness, together with other property, to secure notes of $1,000, $500, and $300. This was an apparent lien on the property at the time of the fire. There was, however, evidence tending to show that when this mortgage was made it was agreed between the parties thereto that upon payment of $500 the horses and harness should be released. The whole of the $1,000 note was paid before the fire, and plaintiff testifies that he thereupon reminded the mortgagee of the agreement and requested a release of the horses and harness and that the mortgagee then made a verbal release. It is contended that the testimony was not sufficient in this regard to warrant the submission of this issue to the jury, but plaintiff's testimony is positive and consistent in its different parts and is corroborated by the mortgagee. The record

of a chattel mortgage is for the protection of creditors and purchasers. Without a record and without a writing a mortgage of chattels may, in general, be valid between the parties. A parol release is equally valid, although not evidenced of record in any manner. The evidence referred to would, if believed, have led to a finding that, so far as the insured chattels were concerned, the mortgage had been satisfied before the fire. In such case the policy would regain its force notwithstanding the agreement not to incumber. (*State Ins. Co. v. Schreck*, 27 Neb. 527; *Omaha Fire Ins. Co. v. Dierks*, 43 Neb. 473.)

The instruction of the district court was right so far as recovery was sought for the loss on the real estate, but was erroneous with regard to the horses and harness. For that reason the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.