Shaitce:, J.
The sound propositions advanced by counsel for the insurance company must be unavailing if the following is unsound: The removal of the property insured from Prospect street to Huron street without the consent of the company rendered the policy wholly void for its entire term, and incapable of further operation except by the subsequent consent of the company with knowledge of that removal. The scope and materiality of this proposition appear from the considerations that the chattels were not destroyed at the residence on Huron street to which they were removed without the company’s consent, but later at the residence on Winchester avenue to which they were removed with its consent; and that when it gave such consent it had no knowledge of the previous removal to Huron street.
A change in the location of insured chattels may increase the hazard or it may diminish it, but the insurer is not required to leave the question of increased hazard to be tried as a matter of defense after a loss. It may by the stipulations of its contract reserve the right to decide that question for itself and to decide it conclusively. That right was exercised by the insurer in this case by the stipulation that the policy should become void if, without its consent, there should be a change in the location of the property. *123 The stipulation is conclusive, but the duration of the avoidance of the policy for which it provides is to be determined by the intention of the parties, as that is evinced by the subject and terms of the contract. A like conclusive character attaches to other stipulations of insurance policies by which the insurer secures exemption from liability. The condition that the policy shall be void if the house which is the subject of insurance should “be vacated or left unoccupied” when broken, was held to be determinative of the rights of the parties and to exempt the insurer from liability, the loss occurring during vacancy. Insurance Co. v. Wells, 42 Ohio St., 519. The same view has been taken of stipulations against liability in cases of the alienation of the title of the insured, of other insurance, of forbidden liens, of increased hazard from repairs, .of the insured property being used in violation of law, of a ship navigating forbidden waters, of the use of the property for more hazardous purposes, of lighting with'gasoline and other like conditions. With respect to all of the conditions enumerated it has been considerately held that the avoidance intended by the stipulation is during, and only during, the existence of the forbidden hazard. The U. S. Fire & Marine Ins. Co. of Baltimore v. Kimberly, 34 Md., 224; Insurance Co. of DesMoines v. Schreck, 27 Neb., 527; Mutual Fire Insurance Co. v. Coatesville Shoe Factory, 80 Pa. St., 407; Obermeyer v. Globe Mutual Insurance Co., 43 Mo., 573; Hinckley v. Germania Fire Insurance Co., 140 Mass., 38; Worthington v. Bearse et al., 12 Allen, 382; Lane v. Maine Mutual Fire Ins. Co., 12 Me., 44. There are numerous other decisions of like import, but these are sufficient for present purposes..
*124 Tlie cases upon tljie subject have been collected by Mr. Joyce in a note to section 2239 of his work on insurance. Some of them are plainly irreconcilable with the view above stated. They are entitled to the most respectful consideration because they are supposed to pay the greatest possible deference to the terms of the contract into which the parties have entered, and to administer merited rebuke to those who would adjudicate with respect to these contracts otherwise than in accordance with the rules generally recognized. They proceed upon the view that to give full effect to the terms used by the parties they must be deemed to have intended that upon any breach of ihe stipulation against an extra hazard, unless the breach is merely temporary, the contract is terminated, and that it cannot again be put into operation except by some act of the insurer which amounts to a waiver of the defense which was made available by the breach. These cases take no- note of the necessity for the construction of such stipulations in view of the variety of senses in which the word void is used. They do, however, by the clearest implication admit that the word is not, in such connections, used in its extreme sense; for, if it were so used, the liability of the insurer could not, after the breach, be revived by mere waiver. The necessity for construction is also impliedly admitted in the attempted distinction between such forbidden hazards as are temporary merely and those which are permanent. For that distinction the terms of the contract afford no basis whatever. If the distinction is made, it must be deduced by construction which applies the terms of the contract to its subject; and, having regard to the reasonableness of conclusions, every hazard is temporary which is not operative when a loss occurs. *125 Any other distinction between temporary and permanent hazards must be arbitrary and quite apart from any supposed intention of the contracting parties.
In this portion of the policy the parties stipulated for the immunity of the insurer from liability on account of losses which might occur during its life. The sole purpose of the stipulation under consideration was to exempt it from liability for a loss which might occur from hazards which it did not have an opportunity to estimate for itself and which it did not contemplate; that is, from hazards not existing at the place where the chattels were when insured or at another to which they might be removed with its consent. The consent of the insurer to the removal of these chattels to the residence on Winchester avenue where they -were destroyed was its election to accept the hazards of that location in lieu of those of their location when the policy was written. The hazards of the location in which the chattels were destroyed were in nowise augmented by the previous removal to Huron street without the consent of the company.

Judgment affirmed.

Jíinsiiall, O. J.; Williams, Bijrkbt and Spkak, J J., concur.