SAMUEL WEINBERGER, CLARENCE KELSEY AND HYMAN KUPFERSMITH v. THE AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK.

Argued February 16, 1910—Decided June 14, 1910.

1. When a mortgagee, insured against loss by fire under a contract between himself and an insurance company, transfers the mortgage, his insurable interest is gone, and an attempt to assign all his interest in the contract, after a building on the mortgaged premises has been destroyed by fire, to a subsequent holder of the mortgage, does not transfer any interest upon which the transferee can sustain an action at law, for the assignor has no interest to assign.

2. The assignment of the mortgage does not transfer the contract of insurance, where the written transfer does not, in terms, undertake to assign it, but is limited to the transfer of the mortgage, and the assignee of the mortgage has no right of action at law as mortgagee to recover for a fire loss.

On demurrer to declaration.

· Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the plaintiffs, *Clarence Kelsey.*

For the defendant, *Condict, Condict & Boardman.*

· The opinion of the court was delivered by

BERGEN, J.   The declaration charges that by a policy of insurance annexed to, and made a part of, the declaration, the defendant agreed with one Hyman Kupfersmith to insure him against all direct loss or damage by fire, to the extent of $750, to a certain building described in the policy.   It further avers that the policy of insurance was made subject to certain stipulations and conditions contained therein, among them being an agreement by the defendant to pay the loss or damage under the said policy of insurance to one Charles Schlageter as first

mortgagee, and to Clarence Kelsey, one of these plaintiffs, as second mortgagee, as their interest might appear. The declaration also avers that the building insured was destroyed by fire while it remained the property of the said Kupfersmith, and that Schlageter was the owner of a bond and mortgage which encumbered the land on which the building so destroyed had stood; that Schlageter, previous to the fire, had assigned to the American Mortgage Company the mortgage, as well as his right, title and interest in the moneys due him under said policy of insurance, and that the assignment was made with the consent of the defendant company; that the fire occurred on February 16th, 1909, and that after the fire, and on February 25th, 1909, the American Mortgage Company assigned the bond and mortgage and the right, title and interest of the assignor in the moneys due it under said policy of insurance to one Albert K. Condit, and that the said Condit, on March 15th, 1909, assigned the mortgage and his interest in the moneys due under said policy of insurance to Clarence Kelsey, one of the plaintiffs; that Kelsey, on March 17th, 1909, assigned the bond and mortgage and his interest in the money due him under said policy to Samuel Weinberger, one of the plaintiffs; that Schlageter, on March 17th, 1909, assigned to Weinberger "any and all right, title and interest" which he had in and to any moneys due him under said policy of insurance, and any and all interest in said policy. The declaration then sets out that Clarence Kelsey held a bond and mortgage on the same premises executed April 1st, 1907, and that he also held another mortgage on the same premises dated July 15th, 1907, given by Kupfersmith.

Concisely stated what the declaration charges is this, that the defendant issued its policy of insurance to Kupfersmith, the owner, and by the policy, agreed to insure Schlageter as first mortgagee, and Clarence Kelsey as second mortgagee, against loss by fire, as their interest might appear; that on November 30th, 1908, Schlageter assigned the mortgage and his interest in the policy to the American Mortgage Company, and that the assignment of the policy was made with the consent of the defendant company; that after the fire the mort-

gage company assigned it to Condit, who, subsequently, assigned it to Kelsey, and that Kelsey assigned to Weinberger, the three latter assignments not being averred to have been made with the approval and consent of the defendant company; that Samuel Weinberger is the only person claiming as first mortgagee, and that Kelsey's claim is based upon his being the holder of the second and third mortgages.

· An inspection of the policy of insurance, which is made a part of the declaration, shows that the contract with Schlageter, as first mortgagee, is independent of the policy, and is contained in a writing executed by the company and attached to the policy, denominated therein as "Standard Mortgagee Clause." At the bottom of this contract, but over the signature of the company, the following appears, "Clarence Kelsey, second mortgagee," but there is no contract made with him. The contract under the mortgagee clause is with Schlageter, and the sentence just quoted merely states that Kelsey is a second mortgagee.

The defendant thereupon craved oyer of the said several assignments by which the mortgage was transferred through the several assignors from Schlageter to Weinberger. These assignments being spread upon the record, it appears that neither contain any transfer or assignment of the interest of any of the parties in the policy of insurance, except the one made by Schlageter to Weinberger after the fire and at a time when Schlageter had no insurable interest in the mortgage.

With the record in this condition the defendant demurred to the declaration—*first,* because no joint right of action is shown to exist in the plaintiffs; *second,* that no right of action exists in Weinberger either under the original contract or by virtue of the assignments; *third,* that no right of action is shown in the plaintiff Kelsey; *fourth,* that this is a joint action brought on two several contracts; *fifth,* that the action is for debt, while if brought on either the primary contracts of insurance, or under the mortgagee clause, it should sound in damages; *sixth,* that no contract is shown to exist between Kelsey and the defendant.

I think the demurrer well taken. The only contract of insurance with these mortgagees, as disclosed by the declaration, is that contained in the mortgagee clause, and it shows that the contract was made with Charles Schlageter, and that no contract was made with Kelsey, and therefore the declaration states no cause of action so far as Kelsey is concerned. Weinberger, the other plaintiff, rests his claim upon the rights of Schlageter under the mortgagee clause, which it is charged were assigned to him, but an examination of the assignments shows that such rights were not assigned by the instrument which assigned the bond and mortgage, and as when he parted with the bond and mortgage he had no further insurable interest under the mortgagee clause, his assignment to Weinberger, after the fire, conveyed nothing, because at that time, having sold his bond and mortgage, he had no interest to convey.

In *Kase* v. *Hartford Fire Insurance Co.*, 29 *Vroom* 34, there was a mortgagee clause similar to the present one, and Kase, the owner of the mortgage, assigned it to Headley without any assignment being made of his interest in the policy of insurance. The property was destroyed by fire, and thereafter Kase assigned the policy to the holder of the mortgage, and it was held that Kase had no insurable interest to assign, for he had no right to call upon the insurance company to make good any loss to him, and that the mortgagee clause being a contract personal to the party to whom it was issued, could not be transferred to a third person so as to be valid. Therefore, in the present case, the subsequent transfer by Schlageter to Weinberger conveyed nothing upon which this action can rest. It is true the declaration alleges that the company consented to the assignment, but manifestly it could only consent where there was an assignment, and the record clearly shows that there was no valid transfer, for reading the mortgagee clause and the alleged transfers spread upon the record in response to the oyer craved, it appears that the transfer which the defendant is charged with having consented to was never in fact made.

The result is that no cause of action is stated in favor of Weinberger or Kelsey against the defendant, and therefore the demurrer must be sustained, with costs.