ALFRED HUNTER, Appellant, *v.* ROYAL INSURANCE COMPANY, LTD., Respondent.

Third Department, March 5, 1924.

Insurance — automobile fire insurance — action to recover for loss of automobile under " Dealers' open policy "— automobile was loaned to employee of insured for use on his vacation and was burned while in employee's possession — automobile was not in possession of insured at time of fire under terms of policy — policy was violated by failure to report change of storage — insurer is not liable.

An insurer is not liable for the loss of an automobile which was destroyed by fire where it appears that the policy is one known as a " Dealers' open policy " which purports to cover automobiles held for sale while in the possession of the insured; that the automobile in question at the time of the fire was in the possession of an employee of the insured who had borrowed it for use while he was on his vacation; and that at the time the fire occurred the employee was not engaged in work for the insured.

Furthermore, the insured violated the terms of the policy which required him to notify the insurer of any change in the storage location of the automobiles covered by the policy by not giving the insurer notice that the automobile was to be used by his employee and that violation avoids the policy so far as the automobile in question is concerned and is an absolute defense.

APPEAL by the plaintiff, Alfred Hunter, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 6th day of December,

1921, setting aside the verdict of a jury in favor of the plaintiff, rendered after a trial at the Albany Trial Term, and granting the defendant's motion for a nonsuit.

*Walter H. Wertime* [*Rollin B. Sanford* of counsel], for the appellant.

*Charles J. Herrick*, for the respondent.

Judgment unanimously affirmed, with costs, on the opinion of HINMAN, J., at Trial Term. HINMAN, J., not sitting.

The following is the opinion of the court below:

HINMAN, J.:

This action is brought to recover the value of an automobile that was destroyed by fire at a time when it was covered by an insurance policy issued by the defendant.

Decision was reserved upon a motion for a nonsuit at the close of the plaintiff's case and at the conclusion of the testimony. It is unnecessary to enter into any detailed consideration of the case because the solution of the motion is dependent simply upon the determination of the question, whether the plaintiff has failed to prove a cause of action against the defendant on the ground that the destroyed car at the time of the fire did not come within the terms of the insurance policy.

The policy states that the business of the insured is that of " auto dealers." It is a special form of policy entitled " Dealers' open policy." The first provision of the policy recites that it is to cover all automobiles " owned and for sale by the assured." Provision 6, in lines 2 and 7, limits the policy to automobiles that are held by the assured for sale. In paragraph 4 of page 2 of the policy, being No. 4 of the " warranties," the assured states that the uses to which the automobile described are and will be put, are " on sale."

The parties undoubtedly contemplated that while this policy was in force the general practice of dealers in handling cars " for sale " would be observed. Without, however, in any detailed way endeavoring to fix the limitation of use intended under the policy, it seems clear that it was not intended that the cars insured under this " Dealers' open policy " should be put to all of the general uses to which a car would normally be put by an owner.

It does not seem to me to be necessary to determine in this case whether the words " on sale " in paragraph 4 of the " warranties " are such words of limitation as to require the dealer to use cars only for exhibition, storage or demonstration purposes. A fair argument has been made by the defendant that this should be the rule. On the other hand, however, I am not prepared to say that

sufficient facts have been proved in this case to demonstrate what has been the general practice of dealers in handling cars for sale. The customs of the trade may well have been taken into consideration by the insurance companies in issuing these policies and if so, the policy should be interpreted with fair consideration of that custom. If it has been customary and reasonably necessary in the general conduct of auto sales business to use such cars in any reasonable and incidental way in connection with the business, even though not for demonstration purposes, an interpretation of the policy limiting the use to exhibition, storage and demonstration purposes would be an unfair interpretation.

I believe that the motion for a nonsuit should be granted, however, on the ground that under provision 5 of the policy the automobile was no longer covered by the policy when it passed out of the possession of the assured, and on the further ground that the storage location of the automobile is made a vital matter for consideration under the terms of the policy, and that the automobile in question was removed from its usual place of storage without any report to the company and given into the possession of an employee to be used for his own pleasure and convenience. Any evasion or attempted evasion by the assured in the matter of reports as to storage locations of automobiles covered by the policy avoids the policy and is an absolute defense to any action brought under the policy.

I have no difficulty in construing the word " possession " as used in paragraph 5 of the 1st page of the policy in which it is provided that the policy covers such automobiles from the time they become the property of the assured and continues, unless canceled, until said property is " delivered to the purchaser, or until same otherwise passes out of the possession of the assured." It would be placing an unnatural and forced construction upon the word " possession " as conveying the idea of passing out of the " ownership " of the assured. The word " possession " must be given the meaning commonly attributed to it by the average business man in relation to personal property, namely, the physical possession of the automobile by the assured or of his agents within the scope of their employment.

It is undisputed that the car had been loaned by the plaintiff to one of his mechanics as a favor to take for his own use and pleasure while on a two weeks' vacation to Saratoga lake, where he had the use of a camp; that no charge was made for the use of the car; that the mechanic's salary continued the same as it had been; that it was expected that he would keep the car there for two

2

weeks; that the assured had not seen the car for ten days before its destruction by fire; that while on his vacation the employee rendered no services for the assured, his time being devoted exclusively to his own pleasure and enjoyment; that he did not return until after the car had been burned; that he drove the car every day on pleasure trips, taking out his wife and others living in the vicinity; that when he returned from these pleasure trips the car was left along the side of the camp at Saratoga lake; that on the day the car was destroyed he had started out for the purpose of getting some fruit to bring back to the camp for his dinner; that he had not started out to do anything for the assured and was not then *en route* to Cohoes to return the car to the assured, and that the car was destroyed about one mile from his camp while he was upon this personal errand.

The facts being conceded, the question of agency is a question of law for the court to decide. (*Franklin Bank Note Co.* v. *Mackey,* 83 Hun, 511; affd., 155 N. Y. 685.)

Surely the plaintiff was not in personal possession of the car at the time, and the question is whether it was in the possession of his agent or representative, acting within the line of his duty. If he was acting beyond the scope of his employment the servant is as much a stranger to his master as any third person. This has been clearly held in *Higgins* v. *Western Union Tel. Co.* (156 N. Y. 79); *Van Blaricom* v. *Dodgson* (220 id. 111, 114).

It is plain to me that the plaintiff's employee in this case was not at the time acting for the interests of his employer or within the scope of his employment. The principle involved has been well established in the case of *Stenzler* v. *Standard Gas Light Co.* (179 App. Div. 776, 777; affd., without opinion, 226 N. Y. 681).

I have reached the conclusion that the car passed out of the possession of the assured when he delivered it to his employee in the manner stated and that the policy was terminated as to that automobile at least until the assured resumed possession and control of the machine. The assured lost both actual and constructive possession of the car within the meaning of the policy.

It requires little reasoning to demonstrate further that in the application of the foregoing principles, the policy was likewise violated as to this automobile with reference to the failure to report the change of storage location of the car. It seems clear from all of the testimony as well as the provisions of the policy that the premiums on the respective cars covered were fixed upon the basis of the storage location to a large degree. It seems to me that the storage location of the car is of the essence of the contract, and

while it was not contemplated that the car should be kept absolutely at a fixed storage location and not otherwise, the reasonable interpretation of the policy is that the car should be usually kept at a specified storage location and when removed therefrom that it should be removed only for the purposes naturally and necessarily incident to the conduct of dealing in automobiles on sale, which would not include its removal for pleasure purposes of the employees of the assured while enjoying a two weeks' vacation at a summer camp and thus exposed to a hazard not reasonably incident to the business.

In the application of both of these principles, I have reached the conclusion that there was a violation of the terms of the policy and that the plaintiff has failed to prove a cause of action against the defendant, in that the assured has failed to prove performance of all of the obligations and the fulfillment of all of the conditions required by the policy.

The motion for a nonsuit is granted and also the motion to set aside the verdict.