CRAMER & KING COMPANY, APPELLANT, v. NATIONAL
SURETY COMPANY OF NEW YORK, A CORPORATION,
RESPONDENT.

Submitted May 28, 1926—Decided October 18, 1926.

1. Where the sense of the words and expressions used in a policy
   of insurance is either ambiguous or obscure on the face of the
   instrument, or is made so by · proof of extrinsic circumstances,
   parol evidence is admissible to explain by usage their meaning in
   the given case.

2. Every usage of a particular trade, which is so well settled or so
   generally known that all persons engaged in that trade may be
   fairly considered as contracting with reference to it, is consid-
   ered to form part of every policy of insurance designed to pro-
   tect risks in such trade, unless the express terms of the policy
   decisively repel the inference.  But the usage, in order to be
   binding, must be either a general usage of the whole mercantile
   world, or a particular usage of universal notoriety in the trade
   upon which, and of the place at which, the insurance is effected;
   the usage of a particular place, or of a particular class of per-
   sons, cannot be binding on non-residents, or on other persons,
   unless they are shown to have been cognizant of it or the usage
   is shown to have existed under such circumstances, or for such
   a length of time, as to have become generally well known to all
   persons concerned in or about the branch of trade to which it
   relates, and so as to warrant a presumption that contracts are
   made with reference to it.

3. The burden of proof of showing a special usage establishing a
   peculiar and technical meaning of the words of a policy of in-
   surance is on the party asserting it, and the proof must be
   clear and explicit.

4. In an action upon a policy of burglary insurance covering the
   insured only in the business of "silk dyers," evidence considered
   and held insufficient to show that, by a special usage in the trade
   upon which, and of the place at which, the insurance was effected,
   the term "silk dyers" covered also silk "finishing and printing."

On appeal from the Supreme Court.

For the appellant, *Harris J. Westerhoff* and *Rosenkrans
& Rosenkrans.*

For the respondent, *Michael Dunn, Arthur C. Dunn, Leon
M. Prince* (of the New York bar), and *Sidney J. Loeb* (of
the New York bar).

The opinion of the court was delivered by

TRENCHARD, J.   This appeal is from a judgment of nonsuit entered at the Passaic Circuit.

The action was brought upon a policy of burglary insurance issued by the defendant, the National Surety Company of New York, a corporation, to the plaintiff.

We are of the opinion that the nonsuit was right upon the first of the several grounds stated by the trial judge.

In the policy it is provided that the "special and general agreements, terms and conditions," therein contained were "to be construed as co-ordinate conditions and precedent to any recovery under this policy," and so far as the schedule was concerned, all of the statements therein contained were expressly "warranted by the assured to be true." Therefore the provisions of the policy which will be considered were, by the parties themselves, specifically contracted to be express warranties, compliance with which constituted a condition precedent to the right of the plaintiff to recover.

By its express terms the policy covered plaintiff only in the business of "silk dyers" conducted at Tenth avenue and East Thirty-third street, Paterson, New Jersey.  The policy contained these statements: "The business conducted by the assured in the premises is that of silk dyers.  No other business is conducted in the premises except as herein stated. No exceptions."

These provisions that the plaintiff's business was that of "silk dyers," and that "no other business" was conducted in the premises, constituted, as above set forth, express warranties and conditions precedent to plaintiff's right to recover.

Admittedly, plaintiff was engaged not only in the business of silk dyeing, but silk finishing and printing as well.

To avoid that difficulty the plaintiff claims that it established by testimony at the trial a custom and usage of the silk trade, under which the term "silk dyers" included dyeing, finishing and printing.

The plaintiff's entire reliance for support of that contention is centered upon one item of testimony, as follows: "Q. Now, Mr. Pellegrini, do you know what the term 'silk

dyer' covers, according to the custom and usage of the silk dyeing trade? *A.* I do. *Q.* What does it cover? *A.* It covers dyeing, finishing and printing."

We think that the error of the plaintiff's contention is that the evidence, though admitted and forming part of the record, falls far short of the requirements of the law to establish the custom and usage which plaintiff now claims was existent.

No doubt, where the sense of the words and expressions used in a policy is either ambiguous or obscure on the face of the instrument, or is made so by proof of extrinsic circumstances, parol evidence is admissible to explain by usage their meaning in the given case.

No doubt, too, every usage of a particular trade, which is so well settled or so generally known that all persons engaged in that trade may be fairly considered as contracting with reference to it, is considered to form part of every policy, designed to protect risks in such trade, unless the express terms of the policy decisively repel the inference. But the usage, in order to be binding, must be either a general usage of the whole mercantile world, or a particular usage of universal notoriety in the trade upon which, and of the place at which, the insurance is effected; the usage of a particular place, or of a particular class of person, cannot be binding on non-residents, or on other persons, unless they are shown to have been cognizant of it or the usage is shown to have existed under such circumstances, or for such a length of time, as to have become generally well known to all persons concerned in or about the branch of trade to which it relates, and so as to warrant a presumption that contracts are made with reference to it.

The foregoing propositions are well established by the cases cited in *Arn. Ins.* 65 *et seq.,* and *May Ins.* 351, and are in harmony with our own cases upon the topic of usage. *Steward* v. *Scudder,* 24 *N. J. L.* 96; *Runyon* v. *Central Railroad Co.,* 64 *Id.* 67.

The plaintiff in the present case attempted to prove and must rely, not upon a general usage of the whole mercantile world, but rather upon an alleged particular usage of uni-

versal notoriety in the trade upon which, and of the place at which, the insurance was effected.

There is an important distinction. To quote the language of Mr. Justice Haines in *Steward* v. *Scudder*, 24 *N. J. L.* 105: "Those general customs which form so important a part of the common law and the general custom of merchants, which may be said to prevail everywhere, are clearly to be distinguished from the particular usages of trade, which are applicable only to certain particular kinds of business, and sometimes only in certain particular places. The latter are understood as referring to a special usage, to be established by evidence, while the former are to be collected not from evidence *in pais*, but from decisions, legal principles and analogies which are presumed to be possessed by the court." Citing 1 *Sm. Lead. Cas.* 307, in note to *Wigglesworth* v. *Dallison; Edie et al.* v. *East India Co.*, 2 *Bur. R.* 1222.

Now, it is also well settled that the burden of proof of showing a special usage establishing a peculiar and technical meaning of words of a policy is on the party asserting it (*American Lithographic Co.* v. *Commercial Insurance Co.*, 81 *N. J. L.* 271), and the proof must be clear and explicit. *Runyon* v. *Central Railroad Co.*, 64 *Id.* 67.

Tested by these rules there was no such clear and explicit proof as would justify reading into the policy the alleged special usage.

According to the policy "the business conducted by the assured in the premises [at Paterson, New Jersey] is that of silk dyers."

The mere statement of the witness (and there was nothing else) that "the term 'silk dyer' covered, according to the custom and usage of the silk dyeing trade, dyeing, finishing and printing," was insufficient to show the alleged usage. In passing it is to be observed that this does not seem to be a statement of what the usage was, but rather the conclusion of the witness that, according to the custom and usage of the trade, the term used covered, not only the business of silk dyeing, but the business of silk finishing and printing as well. But the important and conclusive fact is that there was no showing that the particular usage alleged was of

universal notoriety in the trade at Paterson, the place at which the insurance was effected, and nothing to show either that the defendant company was cognizant of the alleged usage or that such usage had existed under such circumstances, or for such length of time, as to become generally well known to all persons concerned in or about the branch of trade to which it related, and so as to warrant a presumption that contracts were made with reference to it. The witness who made the statement relied upon was in the silk dyeing business in Homestead, in another county, at the time he testified. While at one time he had been in that business in Paterson there was nothing to indicate that his testimony related to that period of time or to that locality. For aught that appears the alleged usage to which he testified was one in vogue at the moment in Homestead, but not in Paterson at that or any other time. Certainly, the plaintiff cannot contend that the defendant is bound by a special usage, if it existed at all, which was not in vogue in the locality where the assured was located, but which was in vogue, if at all, in another locality. There is not the slightest suggestion in the testimony that this alleged usage existed for any particular period of time or at any particular place, or, to be more specific, that it existed at all in Paterson where this plaintiff was located.

The limitation in the policy of insurance to the business of silk "dyers" was an important limitation, for the reason that silk merely dyed would not be as valuable as silk which had not only been dyed, but finished and printed as well. Consequently, the defendant company would be taking a larger risk if it covered merchandise which had been finished and printed as well as dyed.

Since the nonsuit was proper, the judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, HETFIELD, JJ. 8.

*For reversal*—KALISCH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, JJ. 6.