## Atlas Assurance Company, Limited v. Cotter.

(Decided October 23, 1928.)

(As Modified, on Denial of Rehearing, December 21, 1928.)

### Appeal from Pulaski Circuit Court.

1. **Partnership.**—General agency of one partner for his associates ceases when the partnership is terminated, and neither partner thereafter has any power to act for or bind the other as between themselves.

2. **Insurance.**—Fire insurance policy taken out by partner was not avoided on ground of change of interest, title, and possession by fact that, after dissolution of partnership, the remaining partner made conditional arrangement with another for purchase of business by installments, where the arrangement was discontinued before the property burned.

3. **Insurance.**—While change of possession of property insured may render fire policy unenforceable during the time that the possession is changed, return of possession to the policyholder restores policy as it was before the change occurred.

4. **Partnership.**—Where member of partnership took out insurance on partnership property for which agent paid first premium, agreement between agent of insurance company and the partner taking out the policy for its cancellation, after he had sold out to other partner, did not avoid policy as to the remaining partner, where

she had received delivery of the policy and had no notice of cancellation and insurance company was informed of the dissolution of the partnership.

5.  Appeal and Error.—Overruling of demurrer is not ground for reversal, where there is no exception to order and order on its face shows that it was made by agreement of the parties.

FRANK M. DRAKE and BEN D. SMITH for appellant.

W. B. MORROW for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

By a policy, duly issued, appellant insured Cotter & Singleton for the term of one year, from December 26, 1925, against loss by fire on the stock of goods and fixtures in a restaurant in Somerset. The property was burned during the year, and this action was brought upon the policy by Charity Cotter, who was one of the firm of Cotter & Singleton. On the trial of the case there was a judgment for the plaintiff of $700. The defendant appeals.

Mrs. Cotter had bought the restaurant some months before. After she bought it, an arrangement was made between her and Singleton by which they formed the partnership of Cotter & Singleton, and he was to pay one-half the price she had paid for the property. While this agreement was in force, they agreed to take out insurance on the property, and Singleton went to the agent of the company and obtained a policy, which was issued and delivered to him without prepayment of the premium. About two weeks later Singleton concluded to get out of the business and sold out to Mrs. Cotter. After he had sold out to Mrs. Cotter, he went to see the agent of the company and told him that he had sold out to Mrs. Cotter and was out of the business; thereupon, after some talk, an agreement was reached between them by which the policy was to be canceled, and Singleton signed a writing dated January 18, 1926, by which all right under the policy was waived and no claims should be made for any loss under it. Singleton then told the agent that he did not have the policy and did not know where it was, but in fact the policy was delivered by Singleton's wife to Mrs. Cotter, and she placed it in a bank and knew nothing about what had transpired between Singleton and the agent. The agent had no communication with her, and she went on with the business thinking that her

property was insured. While Singleton had not in fact paid the agent the premium on the policy, the agent had transmitted the premium to the company on December 31st, trusting Singleton to pay the premium, which was $8.18.

The general rule as to the powers of a partner, who has sold out and retired from a firm, is thus well stated in 20 R. C. L. p. 968, sec. 198:

> "The general agency of one partner for his associates ceases when the partnership is terminated, although after dissolution the mutual agency to a certain extent is prolonged until the affairs of the partnership are administered and wound up. As between themselves, neither partner after dissolution has any power whatever to act for or bind the other."

To the same effect, see 30 Cyc. p. 60.

There is no dispute here that the company had full notice of the dissolution of the partnership when the transaction with Singleton took place, and there is no claim of any notice to Mrs. Cotter, who alone was really interested in the insurance. But it is insisted for the appellant that there was such a change of interest, title, and possession as avoided the policy. The reasons for the rule on this subject, which is sustained by the great weight of authority, is thus stated in 14 R. C. L. p. 1121:

> "The underlying principle of the prevailing view is that each partner is interested in the whole property; and as the insurer contracted to insure the purchasing partner's interest in the whole property, the hazard is not increased because the purchasing partner has acquired a greater interest in the property by a transfer of his copartner's share."

To the same effect, see 26 C. J. p. 236, sec. 292.

After Singleton went out, Mrs. Cotter made an arrangement with Hugh Grover, by which he went in with her under an arrangement that he would pay her $10 a month, and if he could make the business good he would buy it for $600. After trying the business for one month he gave it up, and she then employed him to work there at night for her. About two weeks after this the property burned.

The rule is well settled that though a change of possession may render the policy unenforceable during the time that the possession is changed, yet if the possession is returned to the policy holder, the policy, though not enforceable up to that time, is then in force as it was before the change occurred.  Germania Fire Ins. Co. v. Turley, 167 Ky. 57, 179 S. W. 1059, Ann. Cas. 1917C, 931; Home Ins. Co. v. Chowning, 192 Ky. 327, 233 S. W. 731.

There was no dispute about the facts on this question. Grover and Mrs. Cotter, who were the only two witnesses introduced, testified in substance to the same facts, so on the merits of the case the defendant is without cause of complaint.

It is earnestly insisted, however, that the circuit court erred in overruling the demurrer to the petition. But there is no exception to this order, and on its face it shows that it was made by agreement of parties.  The amount allowed by the jury is well within the evidence, and on the whole case the court sees no substantial error to the prejudice of the appellant.

Judgment affirmed.