**GENERAL AMERICAN CAS. CO.**

v.

**HILL & HILL MOTOR CO.**

No. 12741.

Court of Civil Appeals of Texas.

Galveston.

July 8, 1954.

Vinson, Elkins, Weems & Searls, and B. Jeff Crane, Jr., Houston, for appellant.

Ernest S. Fellbaum and Joe H. Isbell, Houston, for appellee.

GRAVES, Justice.

Appellee, as plaintiff, instituted this suit against appellant, as defendant, upon a policy of insurance, issued to appellee by appellant. Appellee was engaged in the business of selling automobiles, and the policy issued by appellant, had attached an endorsement, known as "Blanket Form 'B'", which endorsement provided that the policy "covers automobiles consigned to, or owned by, the

insured, and held for sale, or used in the insured's business as an automobile dealer, including repair service, or as demonstrators * * *".

One of the automobiles so owned by the appellee was in the possession of one of its employees, Davis Hill, who used the car for a personal trip upon his own part and when returning from a visit he had made therein to Arkansas through Oklahoma the car was overturned and damaged.

In a suit for that purpose the trial court entered the judgment here appealed from by the appellant upon the policy it had so issued to the appellee.

Appellant's whole case upon such controversy is thus epitomized in its brief herein: "It is the appellant's position before this Court, as it was upon the trial of this case, that appellee's evidence conclusively showed the automobile was not 'held for sale, or used in the insured's business as an automobile dealer' at the time of the damage." Its only supporting authorities are these: Alamo Casualty Co. v. Laird, Tex.Civ.App., 229 S.W.2d 214; Clark v. Superior Lloyds of America, Tex.Civ.App., 147 S.W.2d 1113; Hunter v. Royal Ins. Co., 209 App.Div. 15, 203 N.Y.S. 833; Texas Lloyds v. Laird, Tex.Civ.App., 209 S.W.2d 937.

■ The cause has been ably briefed and orally argued upon both sides, as the result of which this Court must hold that the evidence supported presumed findings-of-fact, which may be thus epitomized: (1) Appellee owned the automobile, (2) Appellee held the automobile for sale, (3) The automobile was used in appellee's business as an automobile dealer, and (4) As a demonstrator.

The citation of these authorities, to the exclusion of those cited by the appellant, is considered amply sufficient, to wit: Appleman's Insurance Law and Practice, Vol. 4, p. 243; Bisi v. American Automobile Ins. Co., 137 Conn. 424, 78 A.2d 533, 23 A.L.R.2d 787; 24 Tex.Jur. Sec. 28, pp. 704–5; 24 Tex.Jur., Sec. 29, pp. 705–7.

■ The last cited rule of construction from 24 Tex.Jur., Section 29, in his verbis, is this: "§ 29.—Construction Favorable to the Insured.—It is a settled principle of insurance law, laid down in a host of decisions, that language of a policy which is susceptible of more than one construction should be interpreted strictly against the insurer and liberally in favor of the insured."

■ When that settled rule is applied to the quoted terms of this contract of insurance it would seem to this Court to have directly settled this controversy; especially so, since as indicated there neither were, nor could have been, under the evidence, affecting what was done in this instance, which this Court has carefully reviewed, any other result arrived at. In other words, appellant's assumption that "one of the automobiles owned by appellee was loaned to one of its salesmen for the purpose of taking a trip to Oklahoma and Arkansas", from which assumption appellant concluded that "appellee specifically loaned the car involved to its salesman, Davis Hill, for the purpose of taking the trip", is wholly unsupported in this record. That is, it is indisputably shown otherwise, that Davis Hill had possession and use of that car by reason of and in virtue of his having been a salesman for the appellee in pursuit of the latter's accustomed and regular business with its auto salesman; indeed, it further indisputably appeared that no special arrangement or agreement had been made between the appellee and its salesman, Davis Hill, in connection with either the wrecked automobile's possession or its use, but that, on the contrary, Davis Hill had the appellee's permission to so use the car and the use he put it to was in full accord with the appellee's business as such an automobile dealer and the customary prosecution of that business with all of its salesmen. The exact language of the insuring-clause of the policy in suit plainly requires such a construction, in this Court's opinion, it being as follows: "The policy covers automobiles consigned to or owned by the insured and held for sale or used in the insured's business as an automobile dealer, including re-

820

pair service, or as demonstrators, but excludes automobiles sold by the insured under bailment lease, conditional sale, mortgage or other type of encumbrance. Automobiles consigned to or owned by the insured which are subject to a trust agreement, bailment lease, conditional sale, mortgage or other type of encumbrance are not covered hereunder unless specifically so indicated below."

Insofar as concerns supporting authorities for this opinion, those cited are deemed fully sufficient, and it is held that the facts in all of the holdings contrarily cited by the appellant in support of its appeal are only applicable to directly differing facts, hence they are not controlling here, wherefore it would be supererogatory to specifically review them.

These conclusions require affirmance of the judgment. It will be so ordered.

Affirmed.